IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3274 |
| ELEAZAR JULCA d/b/a HOME IMPROVEMENT MASTER IRRIGATION COMPANY, HOME IMPROVEMENT MASTER, INC., and HOME IMPROVEMENT IRRIGATION, INC.; and HOME IMPROVEMENT MASTER, INC., an Illinois corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's Motion to Strike (d/e 38). Defendant Eleazar Julca asks the Court to strike Plaintiff Railroad Maintenance and Industrial Health and Welfare Fund's First Amended Complaint (d/e 35), which was filed without leave of court and named an additional Defendant to this action. Defendant Julca asserts that adding

1

third parties at this late stage of the litigation would cause a significant unnecessary increase in expenses and a substantial delay in bringing this case to completion. For the reasons set forth below, Defendant's Motion to Strike is denied.

On December 13, 2006, this Court issued an Opinion (d/e 34), denying Plaintiff's Second Motion for Default Judgment. The Court noted that the matter would proceed to trial on the question of damages. The Court noted in the Opinion that the record showed that Defendant's last name was "Julca," not "Julea". The Court further noted in the Opinion that, according to a payroll audit of the Defendant for the period from June 1, 2003, through December 31, 2004, Defendant Julca owed contributions in the amount of $349,476.00, plus audit costs of $1,600.00. The Court also noted in the Opinion that Defendant Julca disputed the amount of contributions the Plaintiff alleged were due. Based on the evidence presented by the parties, the Court stated in the Opinion as follows:

> The evidence in the record reveals that Defendant did business under two names--[Home Improvement Master Irrigation Company] and [Home Improvement Master, Inc.]--but signed the Landscape Agreement as owner of Home Improvement Irrigation, Inc., an entity that never existed as a corporation. Defendant also specifically admits employing the name of Home Improvement Irrigation, Inc. when doing landscaping business.

2

The Court finds that it is appropriate in this circumstances to attribute any work done which was covered by the Landscape Agreement (Covered Work), including all Covered Work subcontracted to [Home Improvement Master, Inc.] and Covered Work performed under the name of Home Improvement Irrigation, Inc. to Defendant Julca. The Court, however, lacks information to determine what portion of the work performed by [Home Improvement Master, Inc.] during the period from June 1, 2003 through December 31, 2004, is Covered Work. Moore states in his affidavit that "[t]he revenues generated from [Home Improvement Master, Inc.] for non-sprinkler work, such as boring and cable drops," during the period from June 1, 2003, through December 31, 2004, was $2,754,569.00. Moore Aff., p. 4. It is not clear whether any "boring" or "cabling" was done in connection with the landscape work. As such, the Court cannot grant Plaintiff's Second Motion for Default Judgment in light of the parties dispute over the amount of damages owed by the Defendant. This matter will therefore proceed to trial as to the amount of damages.

Opinion entered December 13, 2006 at 5-6.[1]

On December 27, 2006, Plaintiff filed a First Amended Complaint, without leave of court. In the First Amended Complaint, Plaintiff corrected the spelling of Defendant's last name in accordance with the December 13, 2006, Opinion. Plaintiff also noted in the First Amended Complaint that Defendant Julca did business under the following names: (1) Home

---

[1] The Opinion also explained that: (1) Home Improvement Master Irrigation Company was incorporated on November 11, 2001, but dissolved on April 1, 2004; (2) Home Improvement Master, Inc. was an Illinois corporation in good standing since December 31, 1992; and (3) Home Improvement Irrigation, Inc. never existed as a corporate entity.

3

Improvement Master Irrigation Company, (2) Home Improvement Master, Inc., and (3) Home Improvement Irrigation, Inc.[2]  Further, Plaintiff also included in the First Amended Complaint the results of a Romolo & Associates payroll audit of the Defendant for the period from June 1, 2003, through December 31, 2004.  The results of the payroll audit were also noted in the December 13, 2006, Opinion.  The Court notes that the original Complaint sought to compel an audit for the period noted above.

Defendant Julca has filed the instant Motion, asking the Court to strike the First Amended Complaint.  Federal Rule of Civil Procedure 15(a) reads in relevant part, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a).  Here, pursuant to Rule 15(a), Plaintiff possessed the right to amend the original Complaint without seeking leave of court because Defendant Julca had not filed a responsive pleading.[3]  See Schiffels

---

[2] The Court notes that the original Complaint (d/e 1) stated that Defendant Julca did business as Home Improvement Irrigation.  The Court further notes that, throughout the First Amended Complaint, Plaintiff spells Home Improvement Master Irrigation Company as "Home Improvement Mater Irrigation Company".  It appears that this was merely a typographical error.

[3] The Court notes that on March 17, 2006, Defendant Julca filed an Answer to the original Complaint (d/e 22).  The Answer was stricken by the Court on April 24, 2006.  In a Text Order entered April 24, 2006, the Court stated in part: "Defendant Jul[c]a cannot file an Answer to the Plaintiff's Complaint or a Motion to Dismiss without first

4

v. Kemper Fin. Serv. Inc., 978 F.2d 344, 353-354 (7th Cir. 1992); Stewart v. RCA Corp., 790 F.2d 624, 631 (7th Cir. 1986). The Court therefore sees no need to strike the First Amended Complaint. Moreover, the additional information set forth in the First Amended Complaint serves to clarify the issues before the Court, identifies the correct names under which Plaintiff did business, identifies a new party to this action, is consistent with the December 13, 2006, Opinion and, more importantly, does not prejudice the Defendant.

The First Amended Complaint, unlike the original Complaint, reflects the results of the Romolo & Associates payroll audit, which was not available at the time of the filing of the original Complaint. The original Complaint sought to compel an audit. Including the results of the payroll audit in the First Amended Complaint clarifies the issues before the Court and therefore is proper. Further, the First Amended Complaint's correction of Defendant's last name is proper because the December 13, 2006, Opinion, explained that the record revealed that Defendant's last name was

---

establishing why the January 31, 2005, Entry of Default should be set aside. Accordingly, the Court hereby strikes Defendant's Answer (d/e 22) and his Motion to Dismiss (d/e 24)." Text Order entered April 24, 2006. Therefore, no responsive pleading has been filed or served in this case.

5

"Julca" instead of "Julea."

Plaintiff asserts in it Memorandum of Law in Opposition of Motion to Strike (d/e 40) that it added no additional parties in the First Amended Complaint, but merely included the results of the payroll audit and corrected the spelling of Defendant's last name in the First Amended Complaint. Plaintiff, however, did more than such things: (1) the First Amended Complaint, unlike the original Complaint which provided that Defendant Julca did business as Home Improvement Irrigation, shows that Defendant Julca actually did business under the following names: Home Improvement Irrigation, Inc., Home Improvement Master Irrigation Company, and Home Improvement Master, Inc.; and (2) the face of the First Amended Complaint, unlike the original Complaint, names Home Improvement Master, Inc., an Illinois corporation, as an additional Defendant to this action.[4]

The First Amended Complaint's clarification that Defendant Julca did business under the names noted above is proper and consistent with the

---

[4]The Court notes that the First Amended Complaint identifies the Defendants as follows: "Defendants, ELEAZAR JULCA d/b/a HOME IMPROVEMENT MATER IRRIGATION COMPANY, HOME IMPROVEMENT MASTER, INC. and HOME IMPROVEMENT IRRIGATION, INC.; and HOME IMPROVEMENT MASTER, INC., an Illinois corporation". First Amended Complaint.

6

December 13, 2006, Opinion. As noted <u>supra</u>, the December 13, 2006, Opinion explained that the evidence showed that: (1) Defendant Julca did business under two names (namely, Home Improvement Master Irrigation Company and Home Improvement Master, Inc.); (2) Defendant signed the Landscape Agreement as owner of Home Improvement Irrigation, Inc., an entity that never existed as a corporation; and (3) Defendant admitted using the name of Home Improvement Irrigation, Inc. when performing landscaping business. The above noted information was not available at the time of the filing of the original Complaint. As such, the First Amended Complaint's inclusion of the correct names under which Defendant Julca did business is proper.

The First Amended Complaint's addition of Home Improvement Master, Inc., an Illinois corporation, as a new Defendant to this action is also proper. As noted above, the December 13, 2006, Opinion explained that the evidence showed that one of the companies that Defendant Julca operated was Home Improvement Master, Inc., an Illinois corporation that has been in good standing since December 31, 1992. The above noted information was not available at the time the original Complaint was filed. Based on these reasons, the Court sees no need to strike the First Amended

Complaint.

THEREFORE, Defendant's Motion to Strike (d/e 38) is DENIED. Plaintiff is directed to serve a summons and the First Amended Complaint upon Defendant Home Improvement Master, Inc. in accordance with Fed. R. Civ. P. 4(h).  Defendant Julca is directed to file an answer or otherwise plead by April 30, 2007.  The Court refers this matter to Magistrate Judge Charles Evans for a scheduling order.

IT IS THEREFORE SO ORDERED.

ENTER: April 3, 2007.

        FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE